UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHEN W. BARTON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ANTHONY GEORGE, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C25-5110-KKE<br><br>ORDER DENYING MOTION FOR DEFAULT JUDGMENT |

Plaintiff Nathen Barton, proceeding *pro se*, brings this case under the Telephone Consumer Protection Act ("TCPA") and related statutes against 20 Defendants, including Anthony George, and AG Marketing ("AG"). Dkt. No. 1. The Court finds Plaintiff's failure to identify specific phone calls related to George and AG dooms his motion for default judgment. Thus, the motion for default judgment is denied without prejudice.

## I.   BACKGROUND

Plaintiff filed this complaint in February 2025, alleging a scheme by Defendant Discount and Savings Advantage ("DSA") wherein various entities, referred to as Sellers, paid DSA to get the "names, address, and credit card numbers" from consumers and that DSA used a scam to get that information. Dkt. No. 1 ¶¶ 8–10. DSA's alleged scam involved calling consumers, promising "a $100-$125 gift card or voucher or certificate or retail rebate in return for a small shipping and handling fee" and that "[i]n most cases, nothing is shipped" or emailed to the consumer. *Id*. ¶¶

11–13. Plaintiff alleges that DSA collected the consumers' information, but that the Sellers would charge the shipping and handling fee directly, either during the call or within a few days. *Id.* ¶¶ 19, 117; Dkt. No. 15 ¶ 12.

Plaintiff names 19 Sellers as defendants, only six are relevant to this motion: George, AG, ID Integrity LLC ("ID Integrity"), Practical ID Protection LLC ("Practical ID"), Secured ID LLC ("Secured ID"), and ID Core Protection LLC ("Core Protection"). Plaintiff alleges ID Integrity, Practical ID, Secured ID, and Core Protection are all shell companies "through which AG runs its own business." Dkt. No. 1 ¶¶ 74, 88, 94, 106. Plaintiff alleges these entities are connected to AG because AG answers their phone numbers and/or emails, hosts and/or registers their websites, and receives a share of each entities' profits. *Id.* ¶¶ 67–74 (ID Integrity), 82–88 (Practical ID), 92–94 (Core Protection), 101–106 (Secured ID).

Plaintiff alleges he received at least 160 phone calls from DSA between November 2021 and January 2025 to his two phone numbers (area codes 469 and 972) registered on the national do-not-call list. Dkt. No. 1 ¶¶ 214, 219, 251. Plaintiff provides a table of exemplar phone calls. *Id.* ¶¶ 251–52.

Plaintiff alleges that through calls from DSA, the following AG-related Sellers charged his credit cards on the following dates as part of the scam:

- ID Integrity: June 14, 2024; January 27, 2025
- Practical ID: January 9, 2024; August 9, 2024; December 9, 2024
- Secured ID: June 13, 2024; August 14, 2024; November 27, 2024; December 4, 2024
- ID Core Protection: December 6, 2024

Dkt. No. 1 ¶ 273. Plaintiff sent emails to three of the AG-related Sellers requesting his 972 number be placed on the internal do-not-call list and notifying each that he lived in Washington. Dkt. No.

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 2

16-1 (June 13, 2024 (Secured ID), June 14, 2024 (ID Integrity), and August 9, 2024 (Practical ID)).

Plaintiff alleges 16 causes of action against all 20 defendants. Dkt. No. 1 ¶¶ 396–458. Plaintiff only moves for default judgment against George and AG for six[1] causes of action:

- Two TCPA claims for using a pre-recorded voice (47 U.S.C. § 227(b), 47 C.F.R. § 64.1200); and for calling numbers on the national do-not-call list (47 U.S.C. § 227(c); 47 C.F.R. § 64.1200). Dkt. No. 1 ¶¶ 396–97.

- Three Washington Do Not Call statute ("WDNC") claims for failing to identify the "company or organization on whose behalf the solicitation is being made" within the first thirty seconds (WASH. REV. CODE § 80.36.390(3)[2]), making additional solicitations "within one year of [Plaintiff] making a do not call request" (§ 80.36.390(7)(c)[3]), and for calling a number on the national do-not-call registry (§ 80.36.390(9)[4]). Dkt. No. 1 ¶¶ 408–16, 420–22, 426–29.

- One claim under the Washington Automatic Dialing and Announcing Device Act ("WADAD") for using an automatic dialing and announcing device for commercial solicitation (WASH. REV. CODE § 80.36.400(2)). Dkt. No. 1 ¶¶ 434–38.

Plaintiff provided proof that George was personally served with a copy of the complaint and summons on February 25, 2025 in Florida. Dkt. No. 9 at 1. Plaintiff also provided proof that AG was served with a copy of the complaint and summons on February 25, 2025, by delivery to George as its registered agent. *Id.* at 3. On March 5, 2025, Plaintiff received a letter signed by "Anthony George, By: AG Marketing" stating "Defendant, Anthony George, hereby submits this Answer … Defendant denies any liability to Plaintiff regarding the allegations that AG Marketing

---

[1] While the motion for default judgment lists eight "Counts," this is a difference in categorization, not substance because Plaintiff lists different versions of Washington statutes for different periods as separate actions. *See* Dkt. No. 15 at 6–7.

[2] For calls made before July 23, 2023, the relevant subpart is WASH. REV. CODE § 80.36.390(2).

[3] For calls made between June 9, 2022, and July 22, 2023, the relevant subpart is WASH. REV. CODE § 80.36.390(6)(c). For calls between July 24, 2015, and June 8, 2022, the relevant subpart is WASH. REV. CODE § 80.36.390(3)(a).

[4] This cause of action only exists for calls made on or after July 23, 2023.

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 3

[] called your client. We do not place outbound calls for ourselves, partners, or clients." Dkt. No. 12-1.  The Court found George and AG were properly served (Dkt. No. 13), and the Clerk entered default against both Defendants (Dkt. No. 14).

On May 5, 2025, Plaintiff filed this motion for default judgment against Defendants George and AG seeking judgment on six claims and treble statutory damages under the TCPA.  Dkt. No. 15.

## II.   ANALYSIS

### A.   Legal Standards

Before entering default judgment, the Court must confirm that it has both subject matter and personal jurisdiction.  *See Shaw v. Cent. Puget Sound Reg'l Transit Auth.*, No. 23-35394, 2024 WL 2828810, at *1 (9th Cir. June 4, 2024) (citing *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999)).

A court's decision to enter a default judgment is discretionary.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Default judgment is "ordinarily disfavored[,]" because "[c]ases should be decided upon their merits whenever reasonably possible."  *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (affirming district court's denial of default judgment).  At the default judgment stage, the court takes "the well-pleaded factual allegations" in the complaint "as true[,]" but "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). When considering whether to exercise discretion in entering a default judgment, courts may consider various factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72. "The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important *Eitel* factors." *Fed. Nat. Mortg. Ass'n v. George*, No. EDCV 14-01679-VAP (SPx), 2015 WL 4127958, at *3 (C.D. Cal. July 7, 2015). This district also requires a party seeking default judgment to provide "a declaration and other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought." Local Rules W.D. Wash. LCR 55(b)(2).

**B.     Plaintiff's Failure to Identify Specific Phone Calls Requires Denial of Default Judgment.**

Plaintiff pleads a complicated scheme wherein four Sellers are allegedly controlled by AG and that AG then hires DSA to call consumers to complete a fraudulent charge on the consumer's credit card. Plaintiff moves for default judgment for calls made by DSA, but wants to hold only George and AG accountable. But Plaintiff fails to specifically allege the date(s) DSA called him on behalf of AG (or each AG-related Seller). Instead, Plaintiff generally alleges that the charges to his card by the Sellers (Dkt. No. 1 ¶ 273) were made *during* the phone calls with DSA, thus the dates of the calls and credit card charges should be the same. Dkt. No. 15 ¶ 20. Even assuming the Court can consider the credit card charge dates to be placeholders for the date of the phone calls, the Court cannot determine to which of Barton's two phone numbers each call was made. The Court cannot cross reference the dates of the credit card charges with the table of phone calls because the table does not include calls on each of the relevant dates, or includes multiple calls on the same date. *Id.* ¶¶ 252, 273. Thus, the Court cannot identify the specific calls for which Plaintiff seeks to hold AG and George liable. This failure is dispositive for multiple reasons.

First, the Court needs to determine whether AG and George are subject to this Court's personal jurisdiction, which requires analyzing whether they had reason to know that the calls were going to Washington. *See Barton v. Pinnacle Home Improvements LLC*, No. 3:24-cv-05142-TMC,

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 5

2024 WL 2943805, at *4 (W.D. Wash. June 11, 2024) (explaining courts "have determined that a caller has no reason to know a call will impact the forum state where the plaintiff has an out-of-state area code, and the defendant has no other information about the plaintiff's residency or whereabouts"). Without knowing the specific dates of the at-issue calls, the Court cannot determine whether AG or George had reason to know calls to Plaintiff's out-of-Washington area code numbers were directed at Washington. Plaintiff provides emails to Secured ID, ID Integrity, and Practical ID from summer 2024 (Dkt. No. 16-1) informing them that the 972 number is associated with a Washington-based individual, and notes that on certain calls he told callers he lived in Washington (Dkt. No. 1 ¶ 252), but these statements only matter if the same Seller then called the same number which it should have known impacted Washington state.[5]

Second, without knowing the specific dates, receiving phone number, and details of each allegedly illegal call, the Court cannot determine the merits of the statutory claims. *Fed. Nat. Mortg. Ass'n*, 2015 WL 4127958, at *3 ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important *Eitel* factors."). For example, the Court cannot determine whether any of the seven calls that "utilized artificial or prerecorded voice" in violation of 47 U.S.C. § 227(b) can be linked to AG or George. Dkt. No. 15 ¶ 10. And, again, because the complaint does not identify specific calls made to his 972 phone number after he sent the do-not-call emails, the Court cannot determine liability under the WDNC which prohibits solicitors from making additional solicitations to a phone number a "party has requested be removed from the solicitor's telephone lists for a period of at least one year[.]" WASH. REV. CODE § 80.36.390(7)(c). Similarly, because the TCPA only grants a private right of action

---

[5] This Order does not opine on whether such emails or notice over the phone would provide sufficient notice to AG and/or George to subject either to this Court's personal jurisdiction.

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 6

to "[a] person who has received *more than one* telephone call within any 12-month period by or on behalf of the same entity[,]" the Court needs to know, at minimum, the date and receiving phone number of the calls that Plaintiff alleges are illegal. 47 U.S.C. § 227(c)(5).

Third, Plaintiff's failure to identify the specific calls also undermines any claims for statutory damages, which requires calculating the number of violations. *See generally Barton v. J.M.S. Assoc. Mktg., LLC*, No. 3:21-cv-05509-RJB, 2023 WL 5277682 (W.D. Wash. Aug. 16, 2023) (analyzing statutory damages). Plaintiff states, "[i[f default judgment is granted, Mr. Barton will follow up with a spreadsheet doing the math of various statutory damage claims and identify which calls occurred before and after the state telemarketing law changes of July 23, 2023." Dkt. No. 15 at 9–10. Plaintiff cannot wait until judgment is granted to clarify the damages he seeks. *See* LCR 55(b).

Because the Court cannot analyze its jurisdiction, the merits of the claim, or damages without more information, the Court denies the motion for default judgment without prejudice.

**C.      Any Future Motions Should Clarify the Defendants' Connections.**

The Court interprets Plaintiff's lawsuit as seeking to hold AG and George liable for the acts of DSA which are connected to AG and George through acts by four Sellers. *See generally* Dkt. No. 1. To the extent Plaintiff wishes to impute any actions by one defendant to others, whether for purposes of liability or jurisdiction, any subsequent motion for default judgment needs to more clearly explain how and why the Court should make such a connection. *See, e.g.*, *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 448–53 (9th Cir. 2018) (analyzing agency law for claims under the TCPA); *Born v. Celtic Mktg. LLC*, No. 8:19-cv-01950-JLS-ADS, 2020 WL 3883273, at *3–4 (C.D. Cal. May 20, 2020) (analyzing agency arguments for personal jurisdiction in a TCPA case).

**D.     Service on Remaining Defendants.**

Plaintiff sues 18 other defendants, besides AG and George. *See generally* Dkt. No. 1. Under Federal Rule of Civil Procedure 4(m), Plaintiff must serve the complaint within 90 days of filing. Fed. R. Civ. P. 4(m). The complaint was filed on February 7, 2025, but there is no proof of service on any other defendants. Accordingly, Plaintiff is ordered to show cause by August 4, 2025, why these defendants should not be dismissed.

### III.  CONCLUSION

For these reasons, the Court DENIES Plaintiff's motion for default judgment. Dkt. No. 15.

Plaintiff may file a renewed motion for default judgment by August 5, 2025.

Plaintiff must respond to the Court's order to show cause by August 5, 2025.

Dated this 8th day of July, 2025.

*[signature]*

Kymberly K. Evanson
United States District Judge