UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHEN W. BARTON,<br><br>  Plaintiff,<br><br>  v.<br><br>ANTHONY GEORGE, et al.,<br><br>  Defendants. | CASE NO. C25-5110-KKE<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT |

Plaintiff, representing himself, sues AG Marketing LLC ("AG Marketing") and Anthony George for violations of the Telephone Consumer Protection Act ("TCPA") and related state statutes. The Court denied Plaintiff's first attempt to obtain default judgment against AG Marketing and George for failing to identify specific phone calls that violated the relevant statutes. *See* Dkt. No. 17. Plaintiff now amends his motion for default judgment. Dkt. No. 18. The Court grants in part and denies in part the motion and finds Plaintiff is entitled to $23,500 in statutory damages from AG Marketing.

**I.   THE COURT DISMISSES THE UNSERVED DEFENDANTS.**

Plaintiff filed this case in February 2025, naming 20 defendants and Doe defendants 1-10. Dkt. No. 1. In the Court's prior order denying the motion for default judgment against AG Marketing and George, the Court noted Plaintiff had not served any defendants besides AG Marketing and George and ordered Plaintiff to show cause why the unserved defendants should

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT - 1

not be dismissed for Plaintiff's failure to comply with Federal Rule of Civil Procedure 4(m).  Dkt. No. 17.  In the amended motion for default judgment, Plaintiff agreed that the other defendants could be dismissed without prejudice.  Dkt. No. 18 at 12.

Accordingly, the Court DISMISSES all defendants except AG Marketing and George without prejudice.

## II.    BACKGROUND

### A.    Procedural History

Of the defendants originally named in the complaint, Plaintiff provided proof of service for George and AG Marketing (together, "Defendants").  Dkt. No. 9.  The Court entered default against these Defendants on April 29, 2025.  Dkt. No. 14.  Plaintiff then moved for default judgment against Defendants on the following eight causes of action:

- Count 1: TCPA claim for using a pre-recorded voice (47 U.S.C. § 227(b)).  Dkt. No. 1 ¶ 396.

- Count 2: TCPA claim for calling numbers on the national do-not-call list (47 U.S.C. § 227(c); 47 C.F.R. § 64.1200).  Dkt. No. 1 ¶ 397.

- Count 7: Washington Do Not Call ("WDNC") claim for calls made before July 23, 2023 failing to identify the "company or organization on whose behalf the solicitation is being made" within the first thirty seconds the call.  Dkt. No. 1 ¶¶ 408–10

- Count 8a[1]: WDNC claim for calls made before July 23, 2023 to a telephone number within one year of the called party requesting to be removed from a telephone list.  Dkt. No. 1 ¶¶ 411–13.

- Count 8b: WDNC claim for calls after July 23, 2023 that failed to identify the "company or organization on whose behalf the solicitation is being made" within the first thirty seconds (WASH. REV. CODE § 80.36.390(3)).  Dkt. No. 1 ¶¶ 414–16.

- Count 10: WDNC claim for calls made after July 23, 2023 to a telephone number within one year of the called party requesting to be removed from a telephone list (WASH. REV. CODE § 80.36.390(7)(c)).  Dkt. No. 1 ¶¶ 420–22.

- Count 12: WDNC claim for calling a number on the national do-not-call registry (§ 80.36.390(9)).  Dkt. No. 1 ¶¶ 426–29.

---

[1] The complaint alleges two count 8s. Dkt. No. 1 at 44.  The Court refers to them as Count 8a and Count 8b.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT - 2

- Count 14: Washington Automatic Dialing and Announcing Device Act ("WADAD") claim for using an automatic dialing and announcing device for commercial solicitation (WASH. REV. CODE § 80.36.400(2)). Dkt. No. 1 ¶¶ 434–38.

Plaintiff "waived" Counts 3, 4, 5, 6, 9, 11, 13, 15, and 16 (Dkt. No. 15 at 6–7) and the Court considers these claims voluntarily dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1).

The Court denied Plaintiff's first motion for default because Plaintiff had failed to identify the specific phone calls for which he sought relief. This failure undermined the Court's ability to evaluate threshold questions of the Court's jurisdiction, as well as the merits of each statutory claim and Plaintiff's damages demand. Dkt. No. 17 at 5–7. The Court granted Plaintiff leave to file a new motion for default judgment addressing these deficiencies. *Id.* at 8.

On July 25, 2025, Plaintiff filed an amended motion for default judgment. Dkt. No. 18. The Court finds that Plaintiff's amended motion adds to, but does not replace, his prior motion for default judgment. Based on Plaintiff's *pro se* status, and the strong preference for deciding cases on the merits, the Court will consider the motions for default judgment together for deciding whether Plaintiff is entitled to default judgment.

**B.      Relevant Factual Allegations**[2]

The complaint lays out a complicated scheme wherein Discount and Savings Advantage ("DSA") acted as a telemarketer for various entities, including AG Marketing and its "shell companies," to call consumers and scam them into providing their credit card numbers, which would then be provided to AG Marketing and the shell companies. *See* Dkt. No. 1 ¶¶ 8–10. The relevant facts here are limited to AG Marketing, George, and the entities Plaintiff alleges are "shell companies" for AG Marketing, and the telephone calls DSA made on their behalf to Plaintiff.

---

[2] The Court takes Plaintiff's well-pleaded factual allegations as true. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT - 3

Plaintiff is a citizen of Washington who subscribes to two residential telephone lines: (972) 207-5749 and (469) 347-2139. Dkt. No. 1 ¶ 42, Dkt. No. 16 ¶ 5. Both phone numbers were registered on the national do-not-call list "more than 31 days before all calls at issue[.]" Dkt. No. 1 ¶ 219.

AG Marketing is a Florida limited liability company based in Florida. Dkt. No. 1 ¶ 56. George is the "boss" or "top guy" at AG. *Id.* ¶ 363. Plaintiff alleges the following companies are shell companies "through which AG runs its business": ID Integrity LLC (Dkt. No. 1 ¶¶ 64–74), Practical I.D. Protection LLC (*id.* ¶¶ 79–88), ID Core Protection LLC (*id.* ¶¶ 92–94), and Secured ID LLC (*id.* ¶¶ 98–107).

Plaintiff seeks to hold AG Marketing and George liable for violating the TCPA and similar state statutes for seven phone calls to his 972 number in 2024 and two phone calls to his 469 number in 2025. Dkt. No. 18 at 6–9.[3] In his complaint, Plaintiff provided a chart of all calls he received from DSA on behalf of all originally named defendants. Dkt. No. 1 ¶ 252. Plaintiff then lists various credit card charges that arose from certain calls. *Id.* ¶ 273. While the credit card charges themselves are not relevant to Plaintiff's claims, Plaintiff uses the charges to identify the entity allegedly responsible for the call. In other words, by considering the two charts together, Plaintiff identifies the entity that he alleges instructed DSA to make the at-issue phone calls. *Id.* ¶¶ 271–73. In the amended motion for default judgment and accompanying declaration, Plaintiff more clearly details which calls he alleges were made on behalf of which entity. *See* Dkt. No. 18

---

[3] Plaintiff asks the Court to find that "47% of [the] 105 calls addressed in this lawsuit were on behalf of AG." Dkt. No. 18 at 11. Plaintiff only alleges with specificity nine calls made on behalf of AG Marketing. Dkt. No. 18 at 7–9. Plaintiff fails to provide sufficient allegations for the Court to find any other calls were made on behalf of AG Marketing instead of a different unserved, and now dismissed, defendant. *See also Barton v. Real Innovation Inc.*, No. 3:24-cv-05194-DGE, 2025 WL 1993193, at *1 (W.D. Wash. July 17, 2025) (declining to consider similar liability for 200 calls that were "not stated with specificity").

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT - 4

at 6–10, Dkt. No. 19 ¶¶ 8–9 (declaring the dates of the credit card charges are the dates of the calls). Taking these allegations together, Plaintiff alleges:

- On June 13, 2024, DSA called the 972 number on behalf of ID Integrity LLC and Secured ID LLC. Dkt. No. 18 at 8 (call chart line 57), 10 (credit card chart line 13). That same day, Plaintiff emailed Secured ID LLC and asked it to place the 972 number on its do-not-call list and informed it that he lived in Washington. Dkt. No. 16-1 at 1. The next day, June 14, Plaintiff emailed ID Integrity LLC and asked it to place the 972 number on its do-not-call list and informed it that he lived in Washington. *Id.* at 2.

- On August 9, 2024, DSA called the 972 number on behalf of Practical I.D. Protection LLC. Dkt. No. 18 at 8 (call chart line 78), 10 (credit card chart lines 2, 15). The same day, Plaintiff emailed Practical I.D. Protection LLC and asked it to place the 972 number on its do-not-call list and informed it that he lived in Washington. Dkt. No. 16-1 at 3.

- On August 9, 2024, Defendant George responded to Plaintiff's email to Practical I.D. Protection LLC from an agmarketingflorida.com email address and stated, "This might be another company because we do not do any outbound dialing in any way. We have filed this number just as a precaution but you will never receive any calls from us." Dkt. No. 16-1 at 4.

- On November 27, 2024, DSA called the 972 number on behalf of Secured ID LLC. Dkt. No. 18 at 8 (call chart line 90), 10 (credit card chart line 11). On this call, Plaintiff told the caller that he lived in Washington. *Id.* at 8 (call chart call line 90), Dkt. No. 1 ¶ 237.

- On December 4, 2024, DSA called the 972 number on behalf of Secured ID LLC. Dkt. No. 18 at 8 (call chart line 91), 10 (credit card chart line 12).

- On December 5, 2024, DSA called the 972 number. Dkt. No. 18 at 8 (call chart line 92). This call is not associated with a corresponding credit card charge, but Plaintiff alleges the call was made on behalf of AG Marketing. *See id.* at 10.

- On December 6, 2024, DSA called the 972 number on behalf of ID Core Protection LLC. Dkt. No. 18 at 8 (call chart line 95), 10 (credit card chart line 7). The same day, Plaintiff emailed ID Core Protection LLC and asked it to place the 972 number on its do-not-call list and informed it that he lived in Washington. Dkt. No. 19-1 at 6.

- On December 9, 2024, DSA called the 972 number on behalf of Practical I.D. Protection LLC. Dkt. No. 18 at 8 (call chart line 96), 10 (credit card chart line 8).

- On January 9, 2025, DSA called the 469 number on behalf of Practical I.D. Protection LLC. Dkt. No. 18 at 9 (call chart line 99), 10 (credit card chart line 2). On this call, Plaintiff told the caller he lived in Washington. *Id.* at 9 (call chart line 99), Dkt. No. 1 ¶ 237.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT - 5

- On January 27, 2025, DSA called the 469 number on behalf of ID Integrity LLC. Dkt. No. 18 at 9 (call chart line 107), 10 (credit card chart line 1).

During each call that led to a credit card charge, Plaintiff provided the caller his billing address in Washington. Dkt. No. 19 ¶ 10.

### III. ANALYSIS

**A.    The Court Has Subject Matter Jurisdiction and Personal Jurisdiction Over AG Marketing.**

Before entering default judgment, the Court must confirm that it has both subject matter and person jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the TCPA is a federal law. *See* 28 U.S.C. § 1331; *Mims v. Arrow Fin. Servs.*, LLC, 565 U.S. 368, 376 (2012) (holding that TCPA's grant of jurisdiction to state courts is concurrent with federal-question jurisdiction, not exclusive). The Court has supplemental jurisdiction over his state law claims, which form the "same case or controversy[.]" 28 U.S.C. § 1367.

Plaintiff argues AG Marketing and George are each subject to this Court's specific personal jurisdiction. Dkt. No. 18 at 2–5. Plaintiff must sufficiently allege that each defendant "purposefully direct[ed] his activities or consummate[d] some transaction with the forum or resident thereof; or perform[ed] some act by which he purposefully avails himself of the privilege of conducting activities in the forum" and that the claim arises out of those forum based activities, and then the burden shifts to the defendant to make a "compelling case" that jurisdiction would be unreasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The Court will analyze each defendant's contacts in turn, starting with AG Marketing.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT - 6

Plaintiff does not allege AG Marketing, itself, took any actions directed at Washington state. Instead, Plaintiff describes a scheme where AG Marketing attempts to insulate itself from TCPA liability and this Court's personal jurisdiction by having DSA make the violating phone calls on behalf of numerous shell companies. Thus, the Court must analyze the alleged relationship between AG Marketing and DSA, and AG Marketing and each of the alleged shell companies to determine which acts are relevant for AG Marketing's personal jurisdiction analysis.

First, Plaintiff sufficiently alleges facts to support that DSA was acting as AG Marketing's agent when making the calls at issue such that the calls can be considered intentional acts by AG Marketing for purposes of personal jurisdiction. Plaintiff alleges AG Marketing "hired DSA" (Dkt. No. 1 ¶¶ 281, 286, 290) and that DSA and AG Marketing acted together to make the phone calls because AG Marketing and its shell companies would often charge Plaintiff's credit card while he was on the phone with DSA (*id.* ¶¶ 360–61); *see Fishman v. Subway Franchisee Advert. Fund Tr., Ltd.*, No. 219CV02444ODWASX, 2019 WL 6135030, at *4–6 (C.D. Cal. Nov. 19, 2019) ("As Fishman alleges that Subway controlled the content and timing of the message, and T-Mobile acted on behalf of Subway, the Court finds that Fishman plausibly pleads an agency relationship between Subway and T-Mobile. Consequently, the Court may premise its personal jurisdiction over Subway on T-Mobile's contact with the forum."). Thus, the Court can consider the calls by DSA to be intentional acts by AG.

Second, Plaintiff seeks to have AG Marketing, ID Integrity LLC, Practical I.D. Protection LLC, ID Core Protection LLC, and Secured ID LLC deemed one-and-the-same so that Plaintiff's communications with one entity informed all the entities that they were directing calls to Washington. *See* Dkt. No. 1 ¶¶ 64–74, 79–88, 92–94, 98–107; Dkt. No. 19-1 at 4; Dkt. No. 19-2; Dkt. No. 18 at 9. Plaintiff's allegations that each entity shares profits and is managed and controlled by AG Marketing are sufficient on default judgment to find that AG Marketing, ID

Integrity LLC, Practical I.D. Protection LLC, ID Core Protection LL, and Secured ID LLC (collectively, "AG Entities") are alter-egos and can be treated as one entity. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (To show entities are alter egos, a plaintiff must allege "(1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice." (cleaned up)). Thus, DSA and the AG Entities' contacts with Washington state are relevant to whether the Court has personal jurisdiction over AG Marketing.

To sufficiently allege this Court has personal jurisdiction over AG Marketing, Plaintiff must allege facts sufficient to show AG Marketing knew or should have known that the calls DSA was making were directed towards Washington. *See Barton v. Pinnacle Home Improvements LLC*, No. 3:24-CV-05142-TMC, 2024 WL 2943805, at *4 (W.D. Wash. June 11, 2024) ("In TCPA actions, district courts in the Ninth Circuit have considered whether the caller knew or should have known the call or message would impact the forum state." (cleaned up)). On June 13, 2024, Plaintiff informed an AG Entity that the 972 number was associated with a Washington resident (Dkt. No. 16-1 at 1), so each call made after June 13, 2024, to the 972 number was directly aimed at Washington and the Court has personal jurisdiction over AG Marketing for claims arising from those calls. *See Pinnacle Home*, 2024 WL 2943805, at *5 (the court had personal jurisdiction over claims arising from calls after plaintiff sent an electronic message that his phone number was associated with a Washington resident). Similarly, Plaintiff informed an AG Entity that the 469 number was associated with a Washington resident on January 9, 2025 (Dkt. No. 18 at 9 (call chart line 99), Dkt. No. 1 ¶ 237), so the Court can exercise personal jurisdiction over AG Marketing for claims arising from the January 27, 2025, call to the 469 number. *Pinnacle Home*, 2024 WL 2943805, at *5.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT - 8

In contrast, the Court does not have personal jurisdiction over George. The only allegations regarding George in the complaint are that he is the "boss" of AG Marketing (Dkt. No. 1 ¶ 363) and that he responded to an email that Plaintiff sent to Practical I.D. Protection LLC (*id.* ¶ 364, Dkt. No. 19-1 at 4), demonstrating George's knowledge of the telemarketing activity. These allegations do not support that George purposefully directed any act toward Washington and there are not sufficient allegations to warrant piercing the corporate veil. *See Rojas v. Unplugged Media, LLC*, No. 2:23-CV-02667-SPG (KSX), 2024 WL 5680720, at *6–8 (C.D. Cal. July 12, 2024) (finding the court lacked personal jurisdiction over a foreign individual when plaintiff alleged the individual was an "Authorized Person" for the telemarketer and "engaged in the operation of the telemarketing scheme, …[was] aware that their corporate entities were participating in the illegal telemarketing calls, …[and] that [the individual] 'contracted with' [other defendants]."). The Court finds Plaintiff alleges sufficient facts to find AG Marketing purposefully directed certain phone calls to Washington state but fails to provide sufficient allegations that Defendant George took any actions directed to Washington state.

In sum, the Court has personal jurisdiction over AG Marketing for claims arising from the following phone calls: August 9, 2024; November 27, 2024; December 4, 2024; December 5, 2024; December 6, 2024; December 9, 2024; January 27, 2025.

The Court does not have personal jurisdiction over George or claims against AG for calls made on or before June 13, 2024, to the 972 number or on or before January 9, 2025, to the 469 number. Those claims are dismissed without prejudice.

**B.     Plaintiff Is Entitled to Default Judgment on Some Claims.**

A court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored[,]" because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470,

1472 (9th Cir. 1986) (affirming district court's denial of default judgment). At the default judgment stage, the court takes "the well-pleaded factual allegations" in the complaint "as true[,]" but "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). When considering whether to exercise discretion in entering a default judgment, courts may consider various factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

The Court will analyze each *Eitel* factor in turn but starts with the merits of the claims and sufficiency of the complaint because those factors are determinative of some claims. *See Gulliver's Tavern, Inc. v. Foxy Lady Inc.*, No. 3:23-CV-05027-TMC, 2024 WL 3992483, at *3 (W.D. Wash. Aug. 29, 2024) (denying motion for default judgement and only addressing second and third *Eitel* factors).

1. <u>The Merits of Claims and the Sufficiency of Complaint</u>

   a. *<u>Plaintiff does not sufficiently allege calls made before July 23, 2023 (Count 7 and 8a).</u>*

Plaintiff alleges phone calls related to AG Marketing that start in June 2024, thus his claims for violations of the WDNC (Count 7 and Count 8a) from before that time are devoid of factual allegations and insufficiently pleaded.

   b. *<u>Plaintiff does not allege calls by AG Marketing that used autodialing or a prerecorded voice (Counts 2 and 14).</u>*

Under § 227(b)(1)(A), it is unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any

automatic telephone dialing system [ATDS] or an artificial or prerecorded voice," under certain conditions, such as when the call is made to a "cellular telephone service."  47 U.S.C. § 227(b)(1)(A).  Similarly, under the WADAD, "[n]o person may use an automatic dialing and announcing device for purposes of commercial solicitation."  WASH. REV. CODE § 80.36.400(2)).  Plaintiff does not allege any of the seven phone calls made on behalf of AG Marketing were made using an automated telephone dialing system or used a pre-recorded voice.  *See* Dkt. No. 18 at 11 (citing Dkt. No. 1 ¶ 253); *see also* Dkt. No. 19 ¶ 12.  Thus, Counts 2 and 14 are insufficiently pleaded.

        c.      *Plaintiff sufficiently alleges claims arising from calls made to numbers on the national do-not-call registry (Counts 1 and 12).*

Subsection § 227(c)(5) of the TCPA creates a private right of action for "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]"  47 U.S.C. § 227(c)(5).  Plaintiff alleges AG Marketing had an agency relationship with DSA such that it can be held liable under this Section.  *See Roylance v. ALG Real Est. Servs., Inc.*, No. 5:14-CV-02445-PSG, 2015 WL 1522244, at *4 (N.D. Cal. Mar. 16, 2015) ("The FCC has repeatedly acknowledged the existence of vicarious liability under the TCPA and has clarified that vicarious liability is imposed under federal common law principles of agency for violations of either Section 227(b) or (c) that are committed by third-party telemarketers." (cleaned up)), *report and recommendation adopted as modified,* No. 14-CV-02445-BLF, 2015 WL 1544229 (N.D. Cal. Apr. 3, 2015).  Taking Plaintiff's allegations as true and treating AG Marketing and the AG Entities as alter-egos, Plaintiff sufficiently alleges six calls to the 972 number and one call to the 467 number violate this Section of the TCPA.  *See* Dkt. No. 18 at 8–9 (call chart lines 78, 90, 91, 92, 95, 96, 107).

It is also a violation of the WDNC to "initiate, or cause to be initiated, a telephone solicitation to a telephone number registered on the do not call registry maintained by the federal government[.]" WASH. REV. CODE § 80.36.390(9). Thus, Plaintiff also alleges seven total violations of Subpart 9 of the WDNC. *See* Dkt. No. 18 at 8–9 (call chart lines 78, 90, 91, 92, 95, 96, 107).

Plaintiff sufficiently alleges facts to support Counts 1 and 12.

   d. *Plaintiff sufficiently alleges claims arising from receiving calls within a year of asking to be removed from AG Entities' telephone lists (Count 10).*

The WDNC Subpart 7(c) prohibits "any additional telephone solicitation of the called party at any telephone number that the called party has requested be removed from the solicitor's telephone lists for a period of at least one year." WASH. REV. CODE § 80.36.390(7)(c). Plaintiff told an AG Entity to stop contacting his 972 number on June 13, 2024. Dkt. No. 16-1 at 1. Plaintiff alleges receiving six more calls on behalf of AG Entities to that number in the following 12 months. Dkt. No. 18 at 8–9 (call chart lines 78, 90, 91, 92, 95, 96).

Plaintiff does not allege he told DSA or any AG Entity to remove his 467 number from their calling list, so the January 27, 2025 phone call to the 467 number, while actionable under other parts of the WDNC (and TCPA) is not actionable here.

Plaintiff thus sufficiently alleges six violations of Subpart 7(c) of the WDNC (Count 10).

   e. *Plaintiff sufficiently alleges claims arising from the failure to identify the soliciting entity within the first 30 seconds of a call (Count 8b).*

Under the WDNC, "[a] person making a telephone solicitation must identify him or herself and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first 30 seconds of the telephone call." WASH. REV. CODE § 80.36.390(3). Plaintiff alleges "[i]n not one of the defendants['] calls to Barton did they 'identify him or herself …within the first thirty seconds of the telephone call.'" Dkt. No. 1 ¶ 380. Thus, Plaintiff is entitled

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT - 12

to default judgment on this claim for seven calls initiated on behalf of AG Marketing. *See* Dkt. No. 18 at 8–9 (call chart lines 78, 90, 91, 92, 95, 96, 107).

In sum, Plaintiff sufficiently alleges claims under 47 U.S.C. § 227(c)(5), and the WDNC Subparts 9, 3, and 7(c) (Counts 1, 8b, 10, 12).  The Court will analyze the remaining *Eitel* factors to determine the appropriateness of entering default judgment on these claims.

2. <u>Plaintiff will be prejudiced absent entry of default judgment.</u>

"On a motion for default judgment, 'prejudice' exists where the plaintiff has no 'recourse for recovery' other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (quoting *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003)).  Absent default, Plaintiff will have no way to recover against Defendants.

3. <u>The sum of money at stake is proportional to the harm.</u>

The fourth *Eitel* factor "considers whether the amount of money requested is proportional to the harm caused." S*un Life Assurance Co. of Canada v. Est. of Wheeler*, Case No. C19-0364-JLR, 2020 WL 433352, at *4 (W.D. Wash. Jan. 28, 2020).  "If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted." *Walters v. Statewide Concrete Barrier, Inc.*, Case No. C-04-2559 JSW MEJ, 2006 WL 2527776, at *4 (N.D. Cal. Aug. 30, 2006).  Plaintiff solely seeks the damages provided by statute, thus the sum of money at stake is proportional to the harm caused. *See Barton v. Real Innovation Inc.*, No. 3:24-CV-05194-DGE, 2025 WL 1993193, at *6 (W.D. Wash. July 17, 2025).

4. <u>There is no dispute concerning the material facts.</u>

Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. *Televideo v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). "Because 'defendant[s] ha[ve] made no attempt to challenge the accuracy of the allegations in the

complaint,' no factual dispute precludes entry of default judgment." S*tacy v. Renewable Energy, LLC*, No. 3:17-CV-755-CAB-WVG, 2018 WL 1109036, at *2 (S.D. Cal. Feb. 28, 2018) (alterations in original) (quoting *Landstar Ranger, Inc. v. Parth Enters*., 725 F. Supp. 2d 916, 921–22 (C.D. Cal. 2010)).

5. <u>Defendants' failure to appear is not due to excusable neglect.</u>

AG Marketing was properly served with the complaint (Dkt. No. 9) and George sent a letter acknowledging receipt of the complaint to Plaintiff (Dkt. No. 12-1), therefore Defendants failure to respond is not due to excusable neglect. *See Stacy*, 2018 WL 1109036, at *2.

6. <u>The Federal Rules of Civil Procedure weigh against entry of default judgment.</u>

"The final *Eitel* factor recognizes the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. However, Defendant's failure to participate in this case makes disposition on the merits not possible. The seventh factor weighs against default judgement, though this does not alter the result." *Real Innovation*, 2025 WL 1993193, at *6 (internal quotations and citations omitted).

On balance, the *Eitel* factors favor Plaintiff, and the Court will enter default judgment on seven violations of 47 U.S.C. § 227(c), seven violations of WDNC Subparts 3 and 9, and six violations of the WDNC Subpart 7(c).

**C.    Plaintiff Is Entitled to $23,500 in Statutory Damages.**

Having found that Plaintiff is entitled to entry of default judgment on some of his claims, the Court now considers the relief requested by Plaintiff. Dkt. No. 1 ¶ 472 (seeking all possible statutory damages).

Plaintiff seeks $500 per violation of 47 U.S.C. § 227(c). Dkt. No. 15 at 10, Dkt. No. 18 at 12.[4] Plaintiff is entitled to default judgment for seven violations of this Section of the TCPA, and thus $3,500 in statutory damages.

Plaintiff is also entitled to damages for the seven calls that violated the WDNC's prohibition on calling numbers on the federal do-not-call list (WASH. REV. CODE § 80.36.390(9)), the six calls that violated Washington's prohibition on calling the same number within a year of a request to remove the number from its calling list (WASH. REV. CODE § 80.36.390(7)(b)), and the seven calls that violated the WDNC's prohibition on failing to identify the solicitor within 30 seconds of the call (WASH. REV. CODE § 80.36.390(3)). The WDNC provides that "the court shall award damages of at least $1,000 for each individual violation of this section." WASH REV. CODE § 80.36.390(13). Thus, Plaintiff is entitled to $20,000 in statutory damages under the WDNC.

In total, Plaintiff is entitled to $23,500 in damages from AG Marketing.

## IV. CONCLUSION

For these reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion for default judgment. The Court GRANTS IN PART Plaintiff's motion for default judgment on Plaintiff's TCPA and WDNC claims and finds Plaintiff is entitled to $23,500 in damages from AG Marketing, with post-judgment interest at the rate provided in 28 U.S.C. § 1961.

The Court DENIES the remainder of the motion.[5]

---

[4] To the extent Plaintiff also seeks treble damages, the Court will not exercise its discretion toaward treble damages "as no evidence has been adduced to support a finding of a willful or knowing violation." *Real Innovation*, 2025 WL 1993193, at *8.

[5] Plaintiff failed to sufficiently allege facts to support several of his causes of action against AG Marketing. The Court finds leave to amend inappropriate here because Plaintiff previously amended his motion for default judgment to clarify these claims. Further, Plaintiff seeks a final judgment and does not request leave to amend, only stating, "[i]f the Court is not inclined to award $500 per call under 47 U.S. Code § 227(c) or treble damages under 47 U.S. Code § 227, Mr. Barton asks for a jury trial on these issues." Dkt. No. 18 at 12; *Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding district court did not abuse its discretion in denying a pro se plaintiff leave to amend because plaintiff did not cure the deficiencies identified by the court).

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT - 15

As stated herein, Plaintiff voluntarily dismissed the claims against each unserved defendant without prejudice. Dkt. No. 18 at 12. Plaintiff also voluntarily dismissed Counts 3, 4, 5, 6, 9, 11, 13, 15, and 16 (Dkt. No. 1 ¶¶ 396–458) without prejudice. Dkt. No. 15 at 6–7. Lastly, Defendant George is also dismissed for lack of personal jurisdiction.

The Court will enter judgment to this effect and the Clerk shall close the case.

Dated this 4th day of November, 2025.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT - 16